The Full Commission has reviewed this matter based on the record of the proceedings and the Opinion and Award filed by Deputy Commissioner Phillip A. Holmes. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing and in a Pre-Trial Agreement submitted by all parties on 7 June 1994, as:
STIPULATIONS
1. The parties stipulate that all parties necessary to the determination of this matter are properly before the Court, and the North Carolina Industrial Commission has jurisdiction of this matter.
2. A series of medical reports, consisting of 12 pages and collectively marked as Stipulated Exhibit #1, is made a part of the record.
3. The parties stipulate that a Form 19, marked as Stipulated Exhibit #2, is made a part of the record.
4. Plaintiff's average weekly wage at the time of the alleged injury was $280.00 and his compensation rate was $186.68 a week as reflected in a Form 21 Agreement approved by the North Carolina Industrial Commission on 1 April 1993.
* * * * * * * * * * *
The Full Commission adopts the Findings of Fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff began working as a plumber for defendant-employer in April of 1990 and remained employed with defendant-employer until 30 July 1993.
2. On 7 January 1993, as part of his job duties, plaintiff was moving a water heater on a dolley up a flight of stairs, when he began to have sharp pains in his lower back.
3. As a result of his 7 January 1993 incident, plaintiff sustained an injury to his back. As a result, defendants admitted liability and paid plaintiff $186.68 per week, pursuant to a Form 21 Agreement, until plaintiff returned to work on 12 February 1993.
4. Plaintiff received medical treatment for his 7 January 1993 back injury from Dr. Larry G. Anderson, who first examined plaintiff on 18 January 1993.
5. The plaintiff had tenderness in his back, but there was no nerve impairment and no compression fractures.
6. Conservative treatment, which included some physical therapy, was provided to plaintiff.
7. Plaintiff, however, continued to experience back pain and returned to Dr. Anderson on 30 March 1993. Dr. Anderson continued conservative treatment of plaintiff's back.
8. Plaintiff continued to have back pain and missed seven to eight full days of work and parts of ten to twelve work days with defendant-employer, prior to 3 June 1993, as a result of his 7 January 1993 injury. Furthermore, when plaintiff was performing his job duties, he had to get assistance from his co-worker when lifting any work materials.
9. Subsequently, on 3 June 1993, as part of his job duties, plaintiff was installing plumbing lines with a co-worker. As plaintiff was lowering ten inch pieces of PVC pipe into a ditch, his back began to hurt again. Plaintiff called the defendant-carrier and received permission to return to Dr. Anderson.
10. Dr. Anderson examined plaintiff on 3 June 1993 and ordered a MRI of the plaintiff's lower spine. Plaintiff had a bulging disc in the lower spine at L4-5 and L5-S1.
11. Dr. Anderson next saw plaintiff on 30 June 1993. Plaintiff continued to experience back pain. Dr. Anderson ordered a myelogram of plaintiff's back. Dr. Anderson continued to treat the plaintiff with conservative care.
12. Dr. Anderson next examined the plaintiff on 7 July 1993, and 14 July 1993.
13. Plaintiff was unable to work for defendant-employer from 3 June 1993 through 27 July 1993 due to his persistent back pain. Plaintiff attempted to return to work for defendant-employer on 27 July 1993, but due to his back pain, plaintiff was only able to work a half-day. Plaintiff was again seen by Dr. Anderson on 27 July 1993.
14. The plaintiff quit working for the defendant-employer on 30 July 1993 because he was physically unable to perform his job duties as a plumber.
15. Since 3 June 1993, plaintiff has not been physically able to perform his normal duties as a plumber, nor has he been able to remain gainfully employed, with the exception of some odd jobs.
16. On 26 October 1993, plaintiff was seen by Dr. Mark L. Moody. Dr. Moody had x-rays taken of plaintiff's back and also reviewed the MRI which had been performed on plaintiff's back.
17. Symptomatically, the plaintiff's back condition changed little from 7 January 1993 until 3 June 1993. The back pain experienced by plaintiff on 3 June 1993 was not a new injury, but a continuation of plaintiff's initial compensable injury of 7 January 1993.
18. On 7 January 1993, the Travelers Insurance Company, Inc. was the carrier on the risk.
19. As a result of plaintiff's 7 January 1993 accident, he has not reached maximum medical improvement and is in need of ongoing medical care, including physical therapy and possible back surgery.
* * * * * * * * * * *
Based upon the foregoing findings of fact the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 7 January 1993, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer, in that he sustained a specific traumatic incident of the work assigned. G.S. § 97-2 (6).
2. As a result of the compensable injury of 7 January 1993, plaintiff remains temporarily, totally disabled, and is entitled to compensation at the rate of $186.68 per week from 3 June 1993 and continuing until further order of the Industrial Commission. G.S. § 97-29.
3. Plaintiff is entitled and defendants shall pay all medical expenses incurred by the plaintiff as a result of his compensable injury on 7 January 1993. G.S. § 97-25.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay plaintiff, on account of his temporary total disability, compensation at the rate of $186.68 per week from 3 June 1993, to the present and continuing until further order of the Industrial Commission. Amounts of temporary total disability compensation which have accrued, minus any credit for prior payments, shall be paid to plaintiff in a lump sum, subject to an attorney fee provided below.
2. Defendants shall pay all medical expenses incurred, or to be incurred, as a result of plaintiff's injury by accident of 7 January 1993.
3. A reasonable attorney fee in the amount of twenty-five percent of the compensation benefits due under Paragraph 1 of this AWARD is approved. Of the accrued amount, if any, paid in a lump sum to plaintiff, defendants shall deduct twenty-five percent and forward that amount directly to plaintiff's counsel. For the balance of the attorney fee, defendants shall forward every fourth compensation check directly to plaintiff's counsel.
4. Defendants shall pay the costs.
 S/ _________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _________________ DIANNE C. SELLERS COMMISSIONER
S/ _________________ COY M. VANCE COMMISSIONER